

NUMBER 13-14-00676-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DEBORAH ALFORD,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

On appeal from the 94th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria**
**Memorandum Opinion by Justice Garza**

In 2006, pursuant to a plea agreement, appellant Deborah Alford pleaded guilty to delivery of less than one gram of cocaine, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b) (West, Westlaw through Ch. 46, 2015 R.S.). The trial court found appellant guilty, sentenced her to two years' confinement in state jail, suspended the sentence, and placed her on community supervision for a period of three years.

Appellant's period of community supervision was extended numerous times.

In October of 2014, the State filed a motion to revoke appellant's community supervision, alleging multiple violations of the conditions of her community supervision, including the submission of a positive urine analysis on several occasions. At the revocation hearing on November 3, 2014, appellant pleaded "true" to the State's allegations. The trial court found the allegations "true," revoked appellant's community supervision, and sentenced her to two years' confinement in a state jail facility. We affirm.

## I. *ANDERS* BRIEF

Appellant's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has found no non-frivolous issues. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has (1) notified appellant that he has filed an *Anders* brief and a motion to withdraw; (2) provided

2

appellant with copies of both pleadings; (3) informed appellant of her rights to file a pro se response,[1] to review the record preparatory to filing that response, and to seek review if we conclude that the appeal is frivolous; and (4) provided appellant with copies of the clerk's record and reporter's record.  *See Anders*, 386 U.S. at 744; *Kelly,* 436 S.W.3d at 319–20.  More than an adequate time has passed, and appellant has not filed a pro se response.[2]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the record and counsel's motion to withdraw and brief in support thereof, and we have found no reversible error.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's appellate counsel has filed a motion to withdraw.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[2] We note that appellant wrote a letter dated May 29, 2015, but it does not raise any issues pertinent to this appeal.

n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

We order counsel to send a copy of the opinion and judgment to appellant and to advise her of her right to file a petition for discretionary review, within five days of the date of this opinion.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


DORI C. GARZA,
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of August, 2015.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.